UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
In re GIANT INTERACTIVE GROUP, INC.        :    Master File No. 1:07-cv-10588-RWS
SECURITIES LITIGATION                                  :
                                                                               :    <u>CLASS ACTION</u>
----------------------------------------------------------  :
This Document Relates To:                             :    <u>ECF Case</u>
                                                                               :
     ALL ACTIONS.                                            :
                                                                               :
---------------------------------------------------------- x



[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE

619218_2

WHEREAS, a consolidated action is pending before this Court styled *In re Giant Interactive Group, Inc. Securities Litigation*, Master File No. 1:07-cv-10588-RWS (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of the Litigation, in accordance with a Settlement Agreement dated July 21, 2011 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2. The Court hereby certifies a Class, for settlement purposes only, defined as: "[A]ll Persons (other than those Persons who timely and validly request exclusion from the Class) who purchased Giant ADS pursuant and/or traceable to Giant's IPO on or about November 1, 2007, through November 19, 2007, inclusive, excluding the Defendants herein, the directors, officers, partners, subsidiaries, and affiliates of any Defendant, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest, and the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party."

3. A hearing (the "Final Approval Hearing") shall be held before this Court on October 26, 2011, at 12:00 p.m., at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.11 of the Stipulation should be entered; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that

- 1 -

619218_2

should be awarded to Co-Lead Counsel and reimbursement of expenses to Plaintiffs. The Court may adjourn the Final Approval Hearing without further notice to the Members of the Class.

4. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed as Exhibits A-1, A-2, and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶5-6 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5. The firm of Garden City Group, Inc. ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

    (a) Within five (5) calendar days of entry of this Order, Giant shall provide to the Claims Administrator, in a format acceptable to the Claims Administrator, Giant's transfer records for the Class Period;

    (b) Co-Lead Counsel shall make reasonable efforts to identify all Persons who are Members of the Class and not later than August 17, 2011 (the "Notice Date"), shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort;

    (c) Not later than August 24, 2011, Co-Lead Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily*; and

    (d) At least seven (7) calendar days prior to the Final Approval Hearing, Co-Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

- 2 -

619218_2

6. Nominees who purchased Giant ADS for the beneficial ownership of Class Members during the Class Period shall send the Notice and the Proof of Claim to all beneficial owners of such Giant ADS within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Co-Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

7. All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

8. Class Members who wish to participate in the settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked no later than one hundred twenty (120) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Co-Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

9. Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Co-Lead Counsel.

10. Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than October 12, 2011. A Request for Exclusion must state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) each of the Person's purchases of Giant ADS made pursuant and/or traceable to Giant's IPO during the Class Period, including the dates of purchase, the number of ADS purchased, and the price paid or received per share for each such purchase; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

11. Any Member of the Class may appear and show cause, if he, she or it has any, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to counsel for the Plaintiffs, or why the expenses of the Plaintiffs should or should not be awarded; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received on or before October 12, 2011, by Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101; Abraham, Fruchter & Twersky, LLP, Jack G. Fruchter, One Pennsylvania Plaza, Suite 2805, New York, NY 10119; O'Melveny & Myers LLP, Seth Aronson, 400 South Hope Street, 10th Floor, Los Angeles, CA 90071; Sidley Austin LLP, Andrew W. Stern, 787 7th Avenue, New York, NY 10019, and filed said objections, papers, and briefs with the Clerk of the United

619218_2

States District Court for the Southern District of New York, on or before October 12, 2011. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Plaintiffs' Counsel or expenses of the Plaintiffs, unless otherwise ordered by the Court.

12. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

13. All opening briefs and supporting documents in support of the settlement, the Plan of Allocation, and any application by Plaintiffs' Counsel for attorneys' fees and expenses or by Plaintiffs for reimbursement of their expenses shall be filed and served by October 5, 2011. Replies to any objections shall be filed and served by October 19, 2011.

14. Neither the Defendants and their Related Parties nor the Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Plaintiffs' Counsel or the Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

15. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Co-Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

16. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither Lead

- 5 -

619218_2

Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶2.6 or 2.7 of the Stipulation.

17. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

18. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

19. If the Stipulation and the settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

IT IS SO ORDERED.

DATED: 5-2-11

_____
THE HONORABLE ROBERT W. SWEET
UNITED STATES DISTRICT JUDGE